## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

**VICTOR M.G. CAMACHO**,  ) **D.C. CV. NO. 2009-056**
      Plaintiff,  )
                                      ) Ref.: D.C. CV. 20109-133
     v.  )
                                        )
**BUREAU OF CORRECTIONS, DIRECTOR;**  )
**BUREAU OF CORRECTIONS, WARDEN; and**  )
**BUREAU OF CORRECTIONS, MEDICAL**  )
**DIRECTOR, DR. CALLWOOD;**  )
      Defendants.  )
_____ )

## O R D E R

This matter comes before the Court on *pro se* Plaintiff Victor Camacho's ("Camacho") Complaint pursuant to 42 U.S.C. § 1983, and request for declaratory relief pursuant to 28 U.S.C. §§ 2283, 2284,[1] and Federal Rule of Civil Procedure 65. The government moves to dismiss this action for failure to prosecute.

---

[1]    Title 28 U.S.C. § 2283 provides that:

    A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283

Title 28 U.S.C. § 2284 provides in relevant part that:

    (a) A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body.

    (b) In any action required to be heard and determined by a district court of three judges under subsection (a) of this section, the composition and procedure of the court shall be as follows...

28 U.S.C. § 2284

*Camacho v. Bureau of Corrections*
D.C. CV. NO. 2009-056
Order
Page 2

Camacho, an inmate of the Virgin Islands Bureau of Corrections ("BOC") housed at the Golden Grove Adult Correctional Facility ("GGACF"), alleges that: 1) the BOC is requiring him to serve his sentences consecutively although, according to him, the judgment and commitment did not state that the sentences should be served consecutively; 2) that he suffers from Hepatitis C, but does not receive treatment for his condition; 3) that he has a "bad liver" and without a transplant he "will surely die;" 4) that the BOC doctor recommends that he receive Ensure, a salad, and a fruit snack daily, and although they were being provided at one time, they "mysteriously" stopped; 5) that he suffers from tooth decay with resulting pain due to the negligence and irresponsibility of the medical department; 6) that mentally ill patients be separated from sane patients due to safety concerns; and lastly, in a pleading filed after the government's answer and motion to dismiss, he argues that 7) after his gall bladder operation, he was placed in his cell instead of the infirmary with no pain medication for several days.

The government citing the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), moves to dismiss Camacho's complaint for failure to prosecute in failing to submit proof of exhaustion of administrative remedies.  The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), states in relevant part: "[n]o action shall be brought with respect to prison

*Camacho v. Bureau of Corrections*
D.C. CV. NO. 2009-056
Order
Page 3

conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The intent is for internal prison review to filter out frivolous claims and facilitate adjudication of those claims that are ultimately brought to federal court by providing an administrative record outlining the controversy.  *See Woodford v. Ngo,* 548 U.S. 81, 94-95 (2006).  Camacho did not respond to the government's motion to dismiss.

While the government argues that this matter should be dismissed for failure show exhaustion of administrative remedies, the Court notes that an inmate's failure to exhaust under the PLRA is an affirmative defense, and the inmate is not required to specially plead or demonstrate exhaustion in his complaint.  *See Jones v. Bock,* 549 U.S. 199 (2007).  Moreover, failure to exhaust administrative remedies must be pled and proved by the defendant. *See Ray v. Kertes,* 285 F.3d 287, 295 (3d Cir. 2002).

In the instant matter, the government has made no attempt to prove Camacho's failure to exhaust administrative remedies.  The Court, therefore, finds that defendants have not met their burden of proving the affirmative defense of failure to exhaust administrative remedies under the PLRA.  *See, e.g., Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002) (holding that defendants

*Camacho v. BOC*
D.C. CV. No. 2010-133
Order
Page 4

did not carry their burden of proving the affirmative defense of failure to exhaust administrative remedies under the PLRA).

Accordingly, it is hereby

**ORDERED** that the government's motion to dismiss based on Camacho's failure to prosecute is **DENIED.**

**DONE AND SO ORDERED** this 21 day of September 2011.

                                          **E N T E R:**

                                          /s/ Raymond L. Finch
                                        _____
                                        **RAYMOND L. FINCH**
                                        **SENIOR DISTRICT JUDGE**

**Copies to:**
    George W. Cannon, Jr., Magistrate Judge
    Office of the Attorney General of the U.S. Virgin Islands
    Richard Schrader, Jr., AAG
    Victor M. Camacho, #930071, Alva Swan Annex, V.I. Bureau of Corrections, Third Floor, St. Thomas, VI 00802 (Please Mark: "LEGAL MAIL: OPEN IN PRESENCE OF INMATE ONLY")